IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:19-CV-1889 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| $22,955.00 U.S. CURRENCY SEIZED ON FEBRUARY 28, 2019, BY HOMELAND SECURITY INVESTIGATIONS, | ) |
| Defendant. | ) **AGREEMENT AND FINAL ORDER** |

Pursuant to 21 U.S.C. § 881(a)(6), the above-captioned case is an action for the civil forfeiture of the defendant $22,955.00 U.S. Currency (hereinafter, the defendant currency). It appears to the Court that proper proceedings for the issuance of a final order have been had in this case as follows:

1. The defendant currency was seized from [claimant] Jashawn Joyner at the Cleveland Hopkins International Airport on February 28, 2019. The seizure was made pursuant to a Department of Homeland Security – Homeland Security Investigations (HSI) / Cleveland Police Department (CPD) investigation. The defendant currency is now in the custody of the federal government. (R. 1: Complaint in Forfeiture, at ¶ 4).

2. On August 21, 2019, the Complaint in Forfeiture (R. 1) was filed in this case against the defendant currency. The United States alleged that the defendant currency is subject to forfeiture under 21 U.S.C. § 881(a)(6). (*Id.*, at ¶¶ 6 and 34).

3. The United States mailed notice of the forfeiture action (by certified mail) to Jashawn Joyner, the only known potential claimant to the defendant currency. Service of the documents was made by certified mail on August 26, 2019. (R. 3: Return of Service by Clerk).

4. On September 30, 2019 and October 21, 2019, respectively, claimant Joyner filed a Verified Claim (R. 6) to the defendant currency and an Answer (R. 8) to the United States' Complaint in Forfeiture.

5. Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States posted notice of the Complaint in Forfeiture on an official government internet site for at least 30 consecutive days, beginning on August 22, 2019 and ending on September 20, 2019. No claims to the defendant currency were filed as a result of the internet notification. (Docket Report).

6. The Clerk of this Court issued a Warrant of Arrest *in Rem*, which was served on the defendant currency by U.S. Customs and Border Protection on October 29, 2019. (R. 9: Warrant of Arrest *in Rem* returned executed).

## AGREEMENT AND ORDER

7. The United States and Jashawn Joyner have reached the following settlement of the above-captioned case:

- In exchange for the return by the United States of $5,738.75 of the defendant currency, Jashawn Joyner agrees to the forfeiture of the remaining $17,216.25 of the defendant currency.

8. $17,216.25 of the defendant currency is hereby finally forfeited to the United States in accordance with 21 U.S.C. § 881(a)(6), and no right, title, or interest shall exist in Jashawn Joyner or any other person. The United States shall assume possession and take control of the $17,216.25 and shall dispose of it in accordance with law.

9. The remaining $5,738.75 of the defendant currency shall be returned to Jashawn Joyner through his attorney, David Glenn Phillips. The contact information for Mr. Phillips is as

follows: The Brown Hoist Building, 4403 St. Clair Avenue, Cleveland, Ohio 44103; telephone: 216.531.0123; e-mails: d.g.phillips@sbcglobal.net and civilrightslaw@sbcglobal.net.

10. The terms of this agreement do not affect the tax obligations, fines, penalties, or any other monetary obligation Jashawn Joyner may owe to the United States. Federal law requires the Department of the Treasury (and other disbursing officials) to offset federal payments to collect any delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support).

11. Jashawn Joyner hereby waives any and all claims, arising out of the seizure and forfeiture proceedings against the defendant currency, that he has or may have against the United States of America; departments, agencies, agents, and employees of the United States of America; and, all state and local law enforcement departments, agents, and officers involved in this action, including claims for alleged violations of constitutional rights.

12. The parties to this matter are to bear their own costs and attorney's fees. David Glenn Phillips, Esq., represents that he has the authority to execute this Agreement and Final Order on behalf of Jashawn Joyner.

                                                   Respectfully submitted,

                                                   Justin E. Herdman
                                                   U.S. Attorney, Northern District of Ohio

| /s/ David Glenn Phillips | By: /s/ James L. Morford |
|---|---|
| David Glenn Phillips (Ohio: 0046827) | James L. Morford (Ohio: 0005657) |
| Attorney for Claimant Jashawn Joyner | Assistant United States Attorney, N.D. Ohio |
| The Brown Hoist Building | Carl B. Stokes U.S. Court House |
| 4403 St. Clair Avenue | 801 West Superior Avenue, Suite 400 |
| Cleveland, Ohio 44103 | Cleveland, Ohio 44113 |
| 216.531.0123 / Fax: 216.881.3928 | 216.622.3743 / Fax: 216.522.7499 |
| d.g.phillips@sbcglobal.net | James.Morford@usdoj.gov |

                                                         **Court signature on next page**

**IT IS SO ORDERED** this 20th day of ~~November~~ December, 2019.

_____
Donald C. Nugent
United States District Judge, N.D. Ohio